UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LUIS A. CRUZ, JR., )
)
    Plaintiff, )
) Civil Action No.:
v. )
) COMPLAINT AND DEMAND FOR JURY
FINANCIAL RECOVERY SERVICES, ) TRIAL
INC. )
    Defendant. ) (Unlawful Debt Collection Practices)
)
)
)
)

## COMPLAINT

LUIS A. CRUZ, JR. ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FINANCIAL RECOVERY SERVICES, INC.:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the State of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Roxbury, Massachusetts.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant, Financial Recovery Services, Inc., is a debt collector headquartered at 4900 Viking Drive, Edna, Minnesota, 55435.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant began contacting Plaintiff via telephone in or around October 2009 regarding an alleged credit card debt owed to Discover Card.

12. Defendant made repeated telephone calls to Plaintiff's home and work telephone numbers demanding payment of a debt.

13. Plaintiff repeatedly requested that Defendant cease communications, yet Defendant ignored these requests.

14. In or around October 2009 Plaintiff agreed to a payment plan with Defendant's representative "Mary Owalick" in an effort to stop the harassment even though his finances were such that he could not afford to pay the debt.

15. Plaintiff agreed to pay $35.00 a month to Defendant.

16. Soon after entering into this agreement, another representative from Defendant purporting to be a supervisor, "Michael", contacted Plaintiff and told him Defendant was

unwilling to enter into a payment plan and would accept full payment of the balance only.

17. Plaintiff was unable to pay the balance allegedly owed, Defendant's representative "Jordan Christenson", among other representatives, began once again to contact Plaintiff on a repeated basis.

18. Defendant never sent within five (5) days of its initial contact, written notification advising him of his right to dispute the debt, request verification of the debt, or obtain the name and contact information of the original creditor.

## CONSTRUCTION OF APPLICABLE LAW

19. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

20. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

21. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff at his place of employment when Defendant should have been aware Plaintiff's employer prohibited such contacts in violation of 15 U.S.C. § 1692c(a)(3).

    b. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

    c. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass him, in violation of 15 U.S.C. § 1692d(5).

PLAINTIFF'S COMPLAINT

    d. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f.

    e. Failing to send Plaintiff, within five (5) days after its initial contact with him in connection with the collection of a debt, written notification of his right to dispute the debt and request verification of the debt, in violation of 15 U.S.C. § 1692g.

    f. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, LUIS A. CRUZ, JR., respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LUIS A. CRUZ, JR., demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: April 2, 2010       KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
　　Craig Thor Kimmel
　　Attorney ID # 57100
　　Kimmel & Silverman, P.C.
　　30 E. Butler Pike
　　Ambler, PA 19002
　　Phone: (215) 540-8888
　　Fax: (215) 540-8817
　　Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT